UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **CORNELL MARTIN MCINTOSH,** | ) |
| **Petitioner,** | ) ) ) |
| v. | ) ) ) Case No.: 4:17-cv-00138-AKK-JHE |
| **ATTORNEY GENERAL OF THE UNITED STATES, et al.,** | ) ) ) |
| **Respondents.** | ) |

## MEMORANDUM OPINION

On January 26, 2017, Petitioner Cornell Martin McIntosh ("McIntosh") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. At the time he filed his petition, McIntosh, a native of Grenada, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In his petition, McIntosh alleged that he was being illegally detained by ICE pending his deportation to Grenada. *See generally* doc. 1.

On March 21, 2017, McIntosh was released from ICE custody and removed from the United States to Grenada. Doc. 10, 10-1. Respondents have filed a motion to dismiss the action as moot, since McIntosh is no longer in ICE custody. Doc. 10.

After consideration of the record in this case and Respondents' motion to dismiss, the court finds that petitioner's removal to Grenada has rendered his

habeas corpus petition moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted); *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237 (11th Cir. 2002). Moreover, the court finds that no exceptions to the mootness doctrine apply in this case. *See Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Therefore, because there is no longer any relief that can be granted to McIntosh, his petition is due to be dismissed as moot.

**DONE** the 28th day of March, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE